UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
TUQUI TUQUI DOMINICANA, S.R.L. and :
SIMEON R. GARCIA RODRIGUEZ,                       Case No. 19-108
                                                            :
            Plaintiffs,
                                                            :   **COMPLAINT FOR DAMAGES**
     - against -                                                **Check Fraud**
                                                            :   **Breach of Contract**
JOSE FELIX CABRERA CASTILLO and
LATIN EVENTS LLC,                                   :   **[JURY TRIAL DEMANDED]**

            Defendants.                                :
---------------------------------------------------------------x

Plaintiffs TUQUI TUQUI DOMINCANA, S.R.L. ("TUQUI TUQUI") and SIMEON R. GARCIA RODRIGUEZ ("RODRIGUEZ") by their attorneys, Condon & Forsyth LLP, as and for their complaint against defendants JOSE FELIX CABRERA CASTILLO ("CASTILLO") and LATIN EVENTS LLC ("LATIN EVENTS") allege upon information and belief as follows:

## THE PARTIES

1.    That at all times hereinafter mentioned, plaintiff TUQUI TUQUI was and still is a commercial corporation duly incorporated under the laws of the Dominican Republic, domiciled at Winston Churchill Avenue, Torre Acropolis Center, 14th Floor, Ensanche Piantini, Santo Domingo, Dominican Republic.

2.    That all times hereinafter mentioned, plaintiff RODRIGUEZ, acting on his own behalf and in his capacity as manager of TUQUI TUQUI, is domiciled in Miami, Florida.

3.    That at all times hereinafter mentioned, defendant CASTILLO, acting on his own behalf and in his capacity as sole owner of LATIN EVENTS, was and still is a United States citizen, domiciled and residing in New York, New York.

1

4. That at all times hereinafter mentioned, defendant LATIN EVENTS was and still is a limited liability company organized and existing under the laws of New York, with its principal place of business in New York, New York.

## SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Plaintiff TUQUI TUQUI is a commercial corporation duly incorporated under the laws of the Dominican Republic, domiciled in Santo Domingo, Dominican Republic.

7. Plaintiff RODRIGUEZ is a Venezuelan citizen, domiciled and residing in Miami, Florida.

8. Defendant CASTILLO is a citizen of New York, domiciled and residing in New York, New York.

9. Defendant LATIN EVENTS is organized and existing under the New York law with its principal place of business in New York, New York.

10. The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## PERSONAL JURISDICTION

11. Defendant CASTILLO is subject to the personal jurisdiction of this Court because he is a resident and domiciliary of New York. Defendant LATIN EVENTS is subject to the personal jurisdiction of this Court because it is a New York company organized and exiting under the laws of New York with its principal place of business in New York, New York.

## VENUE

12. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2). Defendant CASTILLO is a resident of the Southern District of New York and defendant LATIN EVENTS has its principal place of business in the Southern District of New York. Furthermore, a substantial portion of the acts giving rise to the litigation occurred within the Southern District of New York.

## FACTS

13. On or about October 3, 2017, Plaintiffs owned the corporate stock of Constructora Saicrop S.R.L., ("Constructora"). Specifically, Plaintiff TUQUI TUQUI owned 149,999 of 150,000 shares and plaintiff RODRIGUEZ owned the remaining one share.

14. Constructora is a Dominican commercial corporation organized to develop, build and own the Torre Constitucion. The Torre Constitucion is a condominium complex currently under construction in the National District of Santo Domingo, Dominican Republic, consisting of real and personal property including commercial premises, parking, gymnasium, and restaurant space.

15. On October 3, 2017, Plaintiffs and defendant CASTILLO were engaged in negotiations for the sale of Plaintiffs' shares in Constructora to defendant CASTILLO.

16. As part of Plaintiffs' and defendant CASTILLO's negotiations, defendant CASTILLO made false and material misrepresentations to Plaintiffs.

17. Specifically, defendant CASTILLO misrepresented to Plaintiffs his ability and willingness to pay US $2,000,000 for Plaintiffs' shares.

18. Believing defendant CASTILLO's representations concerning his ability and willingness to pay US $2,000,000, and reasonably relying thereon, Plaintiffs entered into a sale

agreement with defendant CASTILLO (the "Contract"), dated October 3, 2017, according to which Plaintiffs agreed to transfer their 150,000 shares of Constructora to defendant CASTILLO, in exchange for which defendant CASTILLO agreed to pay Plaintiffs US $2,000,000 in two equal installment payments of US $1,000,000. *See* Contract at 13. A copy of the Contract is annexed hereto as "Exhibit A" and is made a part of this Complaint.

19. Under the Contract, defendant CASTILLO agreed to pay Plaintiffs the first installment payment of US $1,000,000 upon the signing of the Contract and Plaintiffs agreed to deliver to defendant CASTILLO, *inter alia*, their shares in Constructora and the property deeds to the Torre Constitucion at the same time. *See* Contract at 13.

20. Under the Contract, defendant CASTILLO further agreed to make a second payment to Plaintiffs of US $1,000,000 within seven months of the signing of the Contract. *See* Contract at 13.

21. The Contract provided a late payment penalty of two percent (2%) per month on sums owed until satisfied in the event that defendant CASTILLO failed to timely honor his payment obligations. *See* Contract at 14.

22. Upon the signing of the Contract, defendant CASTILLO paid Plaintiffs US $1,000,000 by bank wire, and Plaintiffs delivered to defendant CASTILLO, *inter alia*, the 150,000 shares of corporate stock in Constructora as well as the property deeds to the Torre Constitucion. A copy of a receipt of the above bank wire is annexed hereto as "Exhibit B" and is made a part of this Complaint.

23. On May 3, 2018, exactly seven months after the signing of the Contract, defendant CASTILLO delivered a personal check (#1069) to Plaintiffs in the amount of US

$1,000,000, which bounced, thereby breaching the Contract by failing to make a second payment of $1,000,000 to Plaintiffs within seven months of the signing of the Contract.

24. The check was drawn from defendant LATIN EVENTS's account at Signature Bank, Private Client Group 185, 78-27 37th Avenue, 2nd Floor, Jackson Heights, New York 11372. A copy of the personal check is annexed hereto as "Exhibit C" and is made a part of this Complaint.

25. On or about May 21, 2018, Plaintiffs duly endorsed the aforementioned check and presented it to Signature Bank, Private Client Group 185, 78-27 37th Avenue, 2nd Floor, Jackson Heights, New York 11372, for payment and said bank refused payment thereof for insufficient funds on deposit with said bank.

26. On June 1, 2018, in accordance with the form prescribed by General Obligations Law § 11-104(8), Plaintiffs sent a demand for payment to Defendants at their last-known residence address by first-class mail and by certified mail, return receipt requested with delivery restricted to the drawer. A copy of said demand for payment is annexed hereto as "Exhibit D" and is made a part of this Complaint.

27. Thereafter, on June 20, 2018, Plaintiffs made a second written demand for payment on the dishonored check in the form prescribed in General Obligations Law § 11-104(8), which was sent to the drawer at drawer's last known residence by first class mail. A copy of said demand for payment is annexed hereto and marked "Exhibit E" and is made a part of this Complaint. To date, Defendants have not responded to either of Plaintiffs' demands for payment.

28. Upon information and belief, defendant CASTILLO represented to Plaintiffs that he would pay US $2,000,000 for Plaintiffs' shares in Constructora to induce Plaintiffs into the

Contract, according to which Plaintiffs delivered to defendant CASTILLO their ownership in Constructora as well as the deeds to the Torre Constitucion upon the signing of the Contract.

29. Defendant CASTILLO's representations were false and he knew them to be false. Upon information and belief, Defendant CASTILLO never intended to pay US $2,000,000 for Plaintiffs' shares of Constructora.

30. Plaintiffs relied on defendant CASTILLO's representations to their detriment by signing the Contract, delivering to defendant CASTILLO their shares in Constructora as well as the deeds to Torre Constitucion, and sustaining a US $1,000,000 loss.

## AS AND FOR A FIRST CAUSE OF ACTION
### Fraud

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if more fully set forth herein.

32. On or about the May 3, 2018, Defendants duly drew and delivered to Plaintiffs, for valuable consideration, a check in the amount of US $1,000,000 (Exhibit C).

33. Said check was duly endorsed by Plaintiffs and was duly presented within a reasonable time thereafter to the said Signature Bank, Private Client Group 185, 78-27 37th Avenue, 2nd Floor, Jackson Heights, New York 11372, for payment on or about May 21, 2018, and the said bank refused payment thereof.

34. Defendants endorsed the check with knowledge the account from which the check was drawn had insufficient funds to enable Plaintiffs to receive the check's full value.

35. Notice of such presentation of said check and the refusal of said bank to pay the same were duly given to Defendants.

36. Plaintiffs are the owner and holder of said check, no part of which has been paid.

37. That by reason of the foregoing, Plaintiffs have been damaged in the sum US $1,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION
### Breach of Contract

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if more fully set forth herein.

39. On or about October 3, 2017, in the City of Santo Domingo, Dominican Republic Plaintiffs and Defendant entered into the Contract (Exhibit A). By the terms of the Contract, *inter alia*,

   a. Plaintiffs agreed to transfer their 150,000 shares of corporate stock in Constructora, which owns the Torre Constitucion, to defendant CASTILLO, in exchange for which

   b. Defendant CASTILLO agreed to pay Plaintiffs US $2,000,000, or the Dominican equivalent thereof, in the form of two separate payments: US $1,000,000, or the Dominican equivalent thereof, upon the signing of the Contract; and US $1,000,000, or the Dominican equivalent thereof, within the term of seven months as of the signing of the Contract.

   c. The parties agreed to a late payment penalty of two percent per month on sums owed until satisfied in the event that defendant CASTILLO failed to timely honor his payment obligations.

40. The consideration set forth in the Contract was fair and reasonable.

41. Plaintiffs have performed all conditions, covenants, and promises required their part to be performed in accordance with the terms and conditions of the Contract.

42. On or about May 3, 2018, defendant CASTILLO breached the Contract by failing to make a second payment of US $1,000,000, or the Dominican equivalent thereof, within the term of seven months as of the signing of the Contract.

43. That by reason of defendant CASTILLO's breach of the Contract, Plaintiffs have suffered damages in the sum of $1,000,000.

44. Additionally, by the terms of the Contract, Plaintiffs are entitled to recover a late payment penalty of two percent of sums owed accrued monthly from May 3, 2018 by defendant CASTILLO under the Contract.

WHEREFORE, Plaintiffs demand judgment against the Defendants on the first cause of action in the sum of US $1,000,000 with interest from May 3, 2018; on the second cause of action in the sum of US $1,000,00 with interest from May 3, 2018, including compensatory damages, costs of the suit herein incurred, and such other and further relief as the court may deem proper.

Dated: New York, New York
       January 4, 2019

CONDON & FORSYTH LLP

By _____
   John Maggio – JM6814
jmaggio@condonlaw.com
7 Times Squares, 18th Floor
New York, New York 10036
Tel: (212) 490-9100

Attorneys for Plaintiffs
TUQUI TUQUI DOMINCANA, S.R.L. and
SIMEON R. GARCIA RODRIGUEZ