UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TUQUI TUQUI DOMINICANA, S.R.L.,
and SIMEON R. CARCIA RODRIGUEZ,

        Plaintiffs,

    - against -

JOSE FELIX CABRERA CASTILLO,
and LATIN EVENTS LLC,

        Defendants.
------------------------------------X

**MEMORANDUM AND ORDER**

19 Civ. 108 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This case arises out of a stock purchase agreement ("Agreement") that plaintiffs and defendant Castillo entered in 2017. Plaintiffs brought this action to collect the remaining payment due under the Agreement. Defendants defaulted, and, consistent with the complaint, a default judgment in the amount of $1,000,000 with interest was entered. Plaintiffs now move to compel discovery with respect to their efforts to collect on the default judgment, and defendants move to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, both motions are denied.

## I.   Background

A.   **Stock Purchase Agreement**

On October 3, 2017, plaintiffs sold 150,000 shares of Constructora Saicorp S.R.L. ("Constructora") corporate stock to

defendant Castillo for $2,000,000. Compl. (ECF No. 1) ¶¶ 13, 17. Constructora is a Dominican Republic corporation that was formed for the development of a real estate project in Santo Domingo, Dominican Republic, called "Torre Constitucion." Id. at ¶ 14. The Agreement memorialized the transaction between the parties. Id. at ¶ 18.

Upon execution of the Agreement in the Dominican Republic, defendant Castillo paid plaintiffs $1,000,000 by bank wire, and plaintiffs contemporaneously delivered 150,000 shares of Constructora corporate stock to Castillo. Id. at ¶ 22. A second payment of $1,000,000 was due within the next seven months. Id. at ¶ 20. On May 3, 2018, defendant Castillo tendered a check in an amount of $1,000,000 drawn upon the account of Latin Events LLC ("Latin Events") and signed by him. Id. at ¶¶ 23, 24; Id., Ex. C. On May 21, 2018, plaintiffs endorsed the check and presented it to a bank for payment, but the bank refused to pay, citing insufficient funds on deposit. Id. at ¶ 25.

B.  **Entry of Default Judgment**

Plaintiffs commenced this action by filing a complaint on January 4, 2019 ("Complaint"), alleging a breach of contract claim against defendant Castillo and a fraud claim against both Castillo and Latin Events. See ECF No. 1. On January 31, 2019, plaintiffs filed affidavits of service. See ECF Nos. 8-10. Plaintiffs' affidavits recited service upon defendants by serving Mr. Diaz,

2

who was a manager at Latin Events, at Tipico Dominicano restaurant, located at 1390 St. Nicholas Avenue, New York, NY 10033. See ECF Nos. 8, 9. Service upon Latin Events was also made by serving the New York Secretary of State. See ECF No. 10.

After defendants did not appear in this action, the Clerk of Court issued a certificate of default on February 28, 2019. See ECF No. 14. Subsequently, on March 11, 2019, plaintiffs moved for the entry of default judgment. See ECF No. 15. On April 8, 2019, chambers asked plaintiffs' counsel to submit documents to support the motion, which plaintiffs filed on April 10, 2019. See ECF No. 22. On May 7, 2019, the Court granted plaintiffs' motion and entered judgment against defendants in the amount of $1,000,000 with interest, commencing on May 3, 2018 at the rate of 2% per month, as specified in the Agreement. See ECF No. 23.

C. **Collection Efforts**

On October 31, 2019, plaintiffs applied to the Court for an order to show cause that would require defendants and Miosotis Cabrera, who allegedly is defendant Castillo's wife, to show cause why an order holding them in contempt should not be issued and to appear before the Court for a hearing on an accounting of their assets, income and property that may be used to satisfy the default judgment. See ECF Nos. 27, 28. Upon reviewing the proposed order and supporting materials submitted by plaintiffs, on November 4, 2019, the chambers communicated to plaintiffs' counsel that the

3

proposed order to show cause would not be signed at least because of the defective service of information subpoenas. Chambers directed plaintiffs' counsel to reapply for an order to show cause after proper service. Plaintiffs issued another set of information subpoenas and deposition notices on November 5, 2019. See ECF Nos. 33-1, 33-5, 33-12.

D. **Current Motions**

Defendants appeared in this action through counsel on November 11, 2019. See ECF No. 29. Thereafter without court involvement, the parties discussed how to proceed in this action and agreed to depose defendants on December 5 and 6, 2019. See Burton Aff. (ECF No. 33) ¶ 11; Id., Exs. B & F. However, on December 4, 2019, defense counsel notified plaintiffs' counsel that defendants would not appear for depositions on those dates and asked to reschedule without providing any reason. See Id., Ex. G. On December 11, 2019, plaintiffs moved for an order (1) holding defendants and Ms. Cabrera in contempt for not appearing for deposition; (2) requiring depositions of defendants, Ms. Cabrera and a restaurant, part of which is allegedly owned by Ms. Cabrera, by a date certain; and (3) adding Ms. Cabrera as a defendant for the purpose of supplementary collection proceedings. See ECF Nos. 31-34. Subsequently, defendants moved to vacate the default judgment on December 16, 2019. See ECF No. 37.

## II. Discussion

### A. Legal Standard for Vacating Default Judgment

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Although defendants cite both Rules 55(c) and 60(b) in their brief, Rule 60(b) controls this motion because a default judgment has already been entered against defendants as a final judgment in this action. Under Rule 60(b), a court may vacate a default judgment for any of the six enumerated bases. Here, defendants invoke subsections (3), (4) and (6). Defs.' Mem. of Law (ECF No. 37) at 3-5.

Under Rule 60(b)(3), a court may relieve a party from a final judgment for "fraud." To prevail on a Rule 60(b)(3) motion, the movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." St. Street Bank and Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004).

Under Rule 60(b)(4), a court may relieve a party from a final judgment when "the judgment is void." Here, defendants challenge the validity of the default judgment as to defendant Castillo on the ground of improper service. Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over defendant Castillo, a default judgment entered against him should be vacated as void under Rule 60(b)(4) if

5

service on him was defective. China Mariners Assur. Corp. v. M.T.W.M. Vacy Ash, No. 96 Civ. 9553 (PKL), 1999 WL 126921, at *3-7 (S.D.N.Y. Mar. 9, 1999).

Rule 60(b)(6) permits a court to vacate a final judgment for "any other reason that justifies relief." The Second Circuit has described this provision as "a grand reservoir of equitable power to do justice in a particular case." Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc., 385 F. App'x 29, 31 (2d Cir. 2010). However, a party seeking relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant relief." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citations omitted). In deciding a motion to vacate a default judgment, a court is "to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

The Second Circuit has suggested that "defaults are generally disfavored" and has expressed "a preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). Accordingly, in considering whether to vacate a default judgment, "all doubts should be resolved in favor of those seeking relief under Rule[] . . . 60(b)." Davis v. Musler, 713

6

F.2d 907, 915 (2d Cir. 1983). However, "[t]he burden of proof is [still] on the party seeking relief" from a judgment under Rule 60(b). Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).

    B.  **Analysis**

        1.  Rule 60(b)(3)

Defendants argue that the default judgment should be vacated under Rule 60(b)(3) because plaintiffs brought this action with an ulterior motive, namely, to evade their tax liabilities to the Dominican Republic government. This argument is insufficient for a vacatur of the default judgment under Rule 60(b)(3). As discussed above, defendants have to establish that the conduct of plaintiffs that they are complaining about "prevented [defendants] from fully and fairly presenting [their] case." St. Street Bank, 374 F.3d at 176. However, defendants do not suggest that litigating this case before this Court would in any manner compromise their ability to defend themselves against plaintiffs' claims.

Further, in order to have a judgment set aside under Rule 60(b)(3), "the fraud or misrepresentation alleged must be shown by clear and convincing evidence." Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114, 115 (2d Cir. 1962). The only document submitted by defendants as evidence of the alleged ulterior motive is a document written in Spanish that

7

defendants claim to be an "embargo" notice. See Castillo Decl. (ECF No. 39), Ex. C. However, this document alone—unaccompanied by a certified interpreter's translations—is insufficient to constitute the requisite clear and convincing evidence because the Court cannot review a document that is written in a language other than English. See Kim v. Chung Sook Lee, No. 18 Civ. 12230 (CM), 2019 WL 4688692, at *2 (S.D.N.Y. Sept. 24, 2019) (concluding that the court is "unable to review" the documents written in a foreign language and unaccompanied by an English translation). The document is also unaccompanied by a legal opinion of counsel learned in the law of the Dominican Republic, and thus its significance is wholly unclear. Moreover, given that the Agreement does not contain a forum selection clause and given that defendants are, respectively, a citizen of United States domiciled in New York and a New York corporation, defendants' argument suggesting that this action should not have been brought in this Court is without merit. Therefore, vacatur of the default judgment under Rule 60(b)(3) is not warranted.

    2. Rule 60(b)(4)

Defendants also argue that the default judgment as entered against defendant Castillo should be vacated as void under Rule 60(b)(4) because he was not properly served.[1] When the propriety

---

[1] Defendants neither challenge the adequacy of service on defendant Latin Events nor seek to vacate the default judgment as entered against it under Rule 60(b)(4).

of service is at issue, plaintiffs bear the burden of demonstrating that defendant Castillo was properly served. Khaldei v. Kaspiev, No. 10 Civ. 8328 (JFK), 2014 WL 2575774, at *5 (S.D.N.Y. Jun. 9, 2014).[2] The parties do not dispute the accuracy of plaintiffs' assertion that service of process on defendant Castillo was effectuated by serving Mr. Diaz, who was then a manager at Latin Events, at Tipico Dominicano Restaurant, located at 1390 St. Nicholas Avenue, New York, NY 10033. See ECF No. 8. However, the parties dispute whether serving Mr. Diaz constituted a legally sufficient service of process on defendant Castillo.

Pursuant to the Federal Rule of Civil Procedure 4(e)(1), the adequacy of service in this action is evaluated under New York law. New York Civil Practice Law and Rules ("CPLR") § 308(2), in relevant part, provides:

> Personal service upon a natural person shall be made by any of the following methods: . . . (2) by

---

[2] In Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005), the Second Circuit held that, "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." This burden shifting, however, is not applicable here because defendant Castillo maintains that he was not on notice of this action until after the default judgment at issue was entered. See Castillo Decl. (ECF No. 39) ¶ 18. Plaintiffs argue that Castillo was aware of this action before the default judgment was entered, citing paragraph 3 of plaintiff Rodriguez's affidavit dated January 28, 2020, in which he states that he sent a copy of the default judgment to defendant Castillo on May 9, 2018. Pls.' Opp'n at 5; Rodriguez Aff. (ECF No. 46) ¶ 3. However, the exhibit cited by Rodriguez in support of that statement only shows that he provided defendant Castillo a copy of the default judgment on May 9, 2019 via a text message. Id. at ¶ 3; Id., Ex. A (ECF No. 46-1). Accordingly, the Rodriguez affidavit supports a finding of Castillo's knowledge of this action only after the default judgment was entered on May 9, 2019. Nothing in the record supports an inference that Castillo was aware of this action before May 9, 2019.

9

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business.

According to plaintiffs, serving Mr. Diaz was sufficient because Mr. Diaz was "a person of suitable age and discretion," and he was served at Tipico Dominicano Restaurant, which was defendant Castillo's "actual place of business." CPLR § 308(2). CPLR § 308(6) defines "actual place of business" in § 308(2) as including "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by her with that place of business.'" <u>Velez v. Vassallo</u>, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (collating cases). In their brief, defendants concede that defendant Castillo owns and engages in "many other business related activities including as a politician in the Dominican Republic" at Tipico Dominicano Restaurant where Mr. Diaz was served. Defs.' Mem. of Law (ECF No. 38) at 5. This concession establishes that the Tipico Dominicano Restaurant was defendant Castillo's "actual place of business" at the time, and, accordingly, service of process was

properly effected upon him pursuant to CPLR § 308(2).[3] Therefore, vacatur of the default judgment under Rule 60(b)(4) is not warranted.

   3.   Rule 60(b)(6)[4]

As discussed above, in deciding whether to vacate a default judgment, we should consider: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. McNulty, 137 F.3d at 738. In considering these factors, however, it is important to note that a vacatur of default judgment under Rule 60(b)(6) is appropriate only when the movants "demonstrate that extraordinary circumstances warrant relief." Stevens, 676 F.3d at 67.

---

[3] Defendants appear to argue that Tipico Dominican Restaurant could not constitute an "actual place of business" for the purpose of service of process in this action because defendant Castillo's activities in connection with that location were not related to the underlying subject of this lawsuit. This argument is without merit. Nothing in the text of CPLR § 308(2) and (6) requires the "actual place of business" be related to the subject of dispute in any specific manner. Moreover, the 2011 Supplementary Practice Commentary to the CPLR clarifies in C308:7 that, for purposes of service of process upon a natural person under CPLR § 308, service is proper at any address that "may have been established by the defendant solely for the convenience of receiving business correspondence and is not a place where any of the defendant's actual business activities are conducted. [CPLR § 308(6)] is premised on the notion that where the defendant advertises an address of this nature as his or her place of business, a plaintiff, in reliance on defendant's advertising, should be able to make service of process at that location." N.Y.C.P.L.R. 308 (McKinney). The theory proffered by defendants is inconsistent with the underlying policy of CPLR § 308(6).

[4] In their brief, defendants cite Rule 60(b)(6) only in passing within their discussion of Rule 60(b)(3). However, they extensively discuss vacatur of default judgment under Rule 55(c), which requires consideration of the same factors as Rule 60(b)(6) does. Given that plaintiffs also have addressed these factors in their brief, see Pls.' Opp'n at 5-7, we treat defendants' motion to vacate the default judgment under Rule 55(c) as one under Rule 60(b)(6).

11

a) **Willfulness**

"Willfulness" in the default judgment context refers to conduct that is more than merely negligent or careless. Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). Defendant Castillo claims that he was out of the country when the service upon him was effected and was not aware of this action when the default judgment was entered.[5] Defs.' Mem. of Law at 6. In support of this contention, defendant Castillo states in his unsworn declaration that "[Mr. Diaz] certainly didn't forward [the summons and the Complaint] to [him]." See Castillo Decl. (ECF No. 39) at ¶ 21. However, defendants have not proffered an affidavit by Mr. Diaz, certifying that he never informed defendant Castillo of his receipt of the summons and the Complaint. Accordingly, there is nothing in the record to substantiate Castillo's self-serving assertion that he was unaware of this action until after the entry of default judgment.

Even were we to assume the truth of the assertion, defendants' conduct after the entry of the default judgment nevertheless supports a finding of willfulness. In his undated declaration, defendant Castillo states that "[he] was unaware of this action until recently when [he] was served with a subpoena to

---

[5] The willfulness inquiry as to defendant Castillo applies to both defendants because defendants do not dispute the plaintiffs' argument that defendant Castillo's knowledge of this action should be imputed to Latin Events. See Pls.' Opp'n at 6.

enforce the judgment." See Castillo Decl. (ECF No. 39) ¶ 18. However, the text messages between plaintiff Rodriguez and defendant Castillo submitted by plaintiffs show that, on May 9, 2019, plaintiff Rodriguez sent him a copy of the default judgment through phone messaging. See Rodriguez Aff., Ex. A (ECF No. 46-1) at 1 & 4. Despite being provided with a copy of the default judgment, defendant Castillo disregarded this action until plaintiffs' counsel issued information subpoenas and deposition notices in the context of judgment collection. Under the circumstances, the Court finds that defendant Castillo's disregard of the legal proceedings in this case was deliberate and willful.

### b) **Meritorious Defense**

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." McNulty, 137 F.3d at 740 (internal quotation marks and citation omitted). Defendants claim that Castillo did not make the second payment because the Dominican Republic government asked him to make the payment to itself, and not to plaintiffs, due to plaintiffs' tax liabilities. Defs.' Mem. of Law at 3. In support of this allegedly meritorious defense, defendants have submitted a document that purportedly directed defendant Castillo to make his payment to the Dominican

13

Republic government.  See Castillo Decl., Ex. C.  However, as discussed supra at 8, the document is written in Spanish, and defendants have not provided an English translation of it, leaving us with no clue as to its content or significance.  Further, it is far from clear whether the alleged tax liabilities of plaintiffs to the Dominican Republic government provides a defense against the plaintiffs' fraud claim.[6]  Therefore, defendants have failed to establish a meritorious defense against plaintiffs' claims.

### c) **Prejudice**

We need not evaluate whether plaintiffs would suffer prejudice from vacating the default judgment because each of our conclusions that defendants' default in this case was willful and that they have failed to show a meritorious defense constitutes an independent basis for denying defendants' motion.  See St. Street, 374 F.3d at 174 ("[T]he absence of [a meritorious defense] is sufficient to support the district courts' denial of the defendants' . . . Rule 60(b) motion."); Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1078 (2d Cir. 1995) ("[C]ourts should not set aside a default when it is found to be willful.").

---

[6] In fact, the defendants' position is difficult to justify under any standard.  Defendants never made the second payment of $1,000,000 under the Agreement nor, even assuming a dispute between plaintiffs and the Dominican Republic tax authorities, did defendants deposit that amount of funds into escrow or make a payment to any other entity.  Under the circumstances, any defense proffered by defendant appears to be an attempt to avoid a contractually required payment for assets that they already acquired.

14

Moreover, even were we to assume that plaintiffs would not suffer any prejudice from vacating the default judgment, defendants still have failed to demonstrate here that there are any extraordinary circumstances that warrant relief. Therefore, vacatur of the default judgment under Federal Rule of Civil Procedure 60(b)(6) is not warranted here.

### 4. Motion for an Order of Contempt, to Compel Depositions, and to Implead Miosotis Cabrera

Shortly before defendants moved to vacate the default judgment, plaintiffs filed a motion, requesting the following relief in connection with their efforts to collect on the default judgment: (1) a finding of contempt against defendants and Ms. Cabrera; (2) an order requiring depositions of defendants by a date certain; (3) an order requiring depositions of non-parties Ms. Cabrera and a restaurant called La Casa del Mofongo ("Mofongo"), part of which is allegedly owned by Ms. Cabrera, by a date certain; and (4) adding Ms. Cabrera as a defendant for purposes of the supplemental collection proceedings. See ECF Nos. 32 & 34.

First, the Court declines to hold defendants and Ms. Cabrera in contempt because there has been no court order requiring their compliance with plaintiffs' subpoenas. Although Federal Rule of Civil Procedure 45(g) permits a court to hold a person in contempt for failure to obey a subpoena "without adequate excuse," "courts

in the Second Circuit have often held that before imposing sanctions . . . for failure to comply with an attorney-issued subpoena, a court should first issue an order compelling compliance with the subpoena." In re Application of the Kingdom of Morocco, M8-85 (KMW), 2009 WL 1059786, at *2 (S.D.N.Y. Apr. 16, 2009).

Second, despite our willingness to grant the requested order requiring defendants and Mofongo to appear for depositions by a date certain, we nonetheless deny this portion of the plaintiffs' application. We reach this conclusion in appreciation of the fact that the recent outbreak of COVID-19 pandemic may significantly limit defendants' and Mofongo's availability for depositions. Accordingly, we direct plaintiffs to first confer with defendants and Mofongo in choosing the dates and the format for depositions. The Court trusts that the parties and counsel will work cooperatively under the circumstances and fulfill their legal responsibilities.

Plaintiffs' application as to the deposition of Ms. Cabrera is denied because she has not been properly served with a notice of deposition. Given the plaintiffs' implicit concession in their most recent deposition notice to Ms. Cabrera that she resides in Connecticut, see Burton Aff., Ex. M (ECF No. 33-13), the notice should have been served consistent with Federal Rule of Civil Procedure 45(b) because CPLR § 5224(a-1) does not specify an individual residing outside New York as one who can be subject to

a deposition pursuant to § 5224(a)(1). "Under Rule 45(b)(1), personal service is required when an individual is subpoenaed." Hermitage Global Partners LP v. Prevenzon Holdings Ltd., No. 14 mc. 318 (TPG), 2015 WL 728463, at *3 (S.D.N.Y. Feb. 19, 2015). Plaintiffs served the deposition notice on Ms. Cabrera only by mail, which was insufficient under Rule 45. Given that Ms. Cabrera has never been properly served with a deposition notice, it would be premature to issue the requested order as to her.

Lastly, plaintiffs seek to join Miosotis Cabrera as a defendant for purposes of supplemental proceedings. However, plaintiffs have not cited any authority in support of the proposition that a non-party may be joined as a defendant solely for judgment collection purposes after judgment has already been entered. Accordingly, this application is denied. Our denial of this application is without prejudice to plaintiffs utilizing other appropriate procedures in the context of judgment collection.

### III. Conclusion

For the foregoing reasons, defendants' motion to vacate default judgment is denied. Plaintiffs' motion in connection with the supplementary proceedings is denied without prejudice. This Memorandum and Order resolves ECF Docket Entry Nos. 31 and 37.

**SO ORDERED.**

Dated:  New York, New York
        April 7, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE